UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHSEN AHMED,<br><br>                              Plaintiff,<br><br>        vs.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                              Defendants. | Case No.:  25cv1920-LL-MMP<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO DISMISS FIRST**<br>**AMENDED COMPLAINT**<br><br>**[ECF No. 15]** |

Before the Court is Defendants'[1] Motion to Dismiss pro se Plaintiff Mohsen Ahmed's ("Plaintiff") First Amended Complaint ("FAC"). ECF No. 15. This matter is fully briefed, and the Court deems it suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1. For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED** and the FAC is **DISMISSED** with leave to amend.

## I.      BACKGROUND

On July 28, 2025, Plaintiff Mohsen Ahmed, proceeding pro se, sued Defendant County of San Diego and six County of San Diego officials and employees in their official

---

[1] Defendants include: (1) County of San Diego, a public entity; (2) Ebony Shelton, in her official capacity as Chief Administrative Officer; (3) Claudia Silva, in her official capacity as County Counsel; (4) Cynthia Lerma, in her official and individual capacities; (5) Richard McCarvell, in his official and individual capacities; (6) Ziad Aswad, in his official capacity as Contracting Officer Representative; (7) Terra Lawson-Remer, in her official and individual capacities as County Supervisor. *See* FAC.

(and some in their individual) capacities. ECF No. 1. On August 14, 2025, Plaintiff filed the operative FAC with a demand for a jury trial, against the same seven Defendants. ECF No. 10. On August 27, 2025, Defendants moved to dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). ECF No. 15. Plaintiffs filed an Opposition to the Motion [ECF No. 16] and Defendants filed a Reply [ECF No. 18]. The following allegations are from Plaintiff's FAC.

Plaintiff owns a general construction contracting company called Tiger Construction, LLC ("Tiger Construction"). FAC ¶ 21. Since 2020, Tiger Construction has participated in multiple public solicitations administered by Defendant County of San Diego, and alleges that "each time [he] faced disparate treatment not afforded to similarly situated non-minority contractors." *Id.* ¶ 21. Defendant County of San Diego nullified several of these public solicitations, or "bids," when Tiger Construction was identified as the "apparent low bidder." *See id.* ¶¶ 36–37, 44–45, 53–56, 72. Defendants stated Tiger Construction's bids were "non-responsive" and therefore rendered it ineligible for bidding. *See id.* ¶¶ 37–38, 45, 56, 72. Plaintiff regularly contacted Defendants to express concerns about their decision-making process. *Id.* ¶¶ 27, 31, 33, 61. Defendants' communications to Plaintiff about their actions were either vague and unsupported or went unexplained. *Id.* ¶¶ 25, 52, 65. At the same time, Plaintiff was performing other contracts with the Defendants. *Id.* ¶¶ 35, 78. Following a change of staff with the Defendant County of San Diego, Contracting Office Representative ("COR"), Plaintiff alleges that he was met with inconsistent contract interpretation and administration that was not applied to other contractors. *Id.* ¶¶ 82–85, 90,122.

These alleged events form the basis for Plaintiff's claims for 42 U.S.C. § 1983 for equal protection violations based on Plaintiff's "race, ethnicity, and status as the owner of a certified minority-owned business." *Id.* ¶ 121. Plaintiff also purports to bring a claim under 42 U.S.C. § 1983 for procedural due process violations based on his "constitutionally protected property interests in contract awards, performance opportunities, and participation in public procurements." *Id.* ¶ 127. Next, Plaintiff alleges a claim under 42

2

U.S.C. § 1983 for First Amendment violations based on his "engaging in protected activity" by "reporting suspected discrimination to County officials, contacting elected members of the Board of Supervisors, filing administrative bid protests, and seeking redress through available internal and external channels." *Id.* ¶ 133. Finally, Plaintiff brings a *Monell* claim against the County, alleging his constitutional rights were violated based on the County's policies, practices, and customs. *Id.* ¶ 140.

## II.   LEGAL STANDARD

Parties may move to dismiss a claim for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6); *see also Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003) (requiring Rule 12(b)(6) to "be read in conjunction with Rule 8," which requires a short and plain statement showing that the pleader is entitled to relief). To survive this motion, a complaint must have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although "allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party," courts are not required to accept as true "allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences*." Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

This standard is ultimately a "liberal" one, especially when the action has been filed "pro se." *See Estelle v. Gamble*, 429 U.S. 97, 106-07 (1976). Still, even under a "liberal interpretation," courts "may not supply elements of the claim that were not initially pled." *See Ivey v. Bd. Of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## III.   DISCUSSION

### a. Standing

The Court will first address standing as it is a threshold matter in this case. Defendants argue that "Plaintiff lacks standing under the doctrine of prudential standing to assert the FAC's claims because they are based on events that implicate only the legal rights and interests of his company, Tiger, rather than his own personal legal rights and

interests." Motion at 15.

The doctrine of prudential standing requires that a plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Ray Charles Found v. Robinson*, 795 F.3d 1109, 1120 (9th Cir. 2015). Prudential standing requires courts to consider "whether the alleged injury is more than a 'mere generalized grievance,' whether the plaintiff is asserting her own rights or the rights of third parties, and whether the claim 'falls within the zone of interests to be protected or regulated by the constitutional guarantee in question.'" *Alaska Right to Life Pol. Action Comm. v. Feldman*, 504 F.3d 840, 840-49 (9th Cir. 2007) (quoting *Johnson v. Stewart*, 702 F.2d 193, 196 (9th Cir. 1983)).

Plaintiff argues that he "asserts his own constitutional rights under 42 U.S.C. § 1983, not derivative corporate claims." Oppo. at 5. Specifically, Plaintiff argues:

> The FAC alleges that Defendants excluded Plaintiff from equal participation in County contracting, retaliated against him personally for protected speech, and deprived him of fair notice and due process. These are individual constitutional harms, including reputational injury, loss of equal opportunity to compete, and chilling of protected petitioning activity, all of which are redressable under § 1983.

Compl. ¶ 17. Plaintiff also argues that the "Tiger LA" case is inapposite. *Id.* ¶ 18 (citing *Tiger Construction LLC v. Housing Authority of Los Angeles*, 2023 WL 12007340 (C.D. Cal. Aug. 8, 2023) (hereinafter "Tiger LA")). In support thereof, Plaintiff argues:

> That case involved a single lost bid and alleged harms belonging solely to an LLC. Here, Plaintiff alleges a five-year pattern of systemic discrimination and retaliation directed specifically at him as the owner and representative of a certified minority-owned contractor. (internal citations omitted). Plaintiff further alleges exclusion even where other contractors, such as C&C Glass and F&L Gates, were allowed to proceed under more favorable treatment (internal citation omitted).

Compl. ¶ 18.

Plaintiff's arguments are unfounded. Although Plaintiff attempts to argue in a conclusory manner that he asserts his claims "in an individual capacity for violations of his

personal constitutional rights, the damages [sic] which are distinct from and in addition to any injury to Tiger Construction, LLC," it is evident from the allegations in the FAC that the harm is to Plaintiff's business. Compl. ¶ 4. For example, Plaintiff states that "Tiger Construction, LLC" was "the contracting entity in several of the described transactions" and describes Defendants' contract-related behavior as causing Plaintiff "significant economic harm," disruption to his "business operations," and irreparable damage to his "professional reputation." *Id.* ¶¶ 2, 4. Plaintiff also asserts that "the County's actions have deprived Plaintiff of property interests in the awarded contracts and bidding opportunities [and] disrupted his business operations." *Id.* ¶ 17. On their face, the allegations that form the basis of Plaintiff's causes of action concern his business. Plaintiff's Opposition also fails to explain why the harm is personal to him. Like his FAC, Plaintiff's Opposition asserts bare, conclusive statements that he suffered "reputational injury, loss of equal opportunity to compete, and chilling of protected petitioning activity." Oppo at 5.

Further, Plaintiff attempts to distinguish the *LA Tiger* case and argues that case concerns only one bid while the facts here allege a five-year pattern of discrimination. Compl. ¶ 18. However, the allegations that form the basis for the alleged injury here are still allegations about harms to Tiger Construction—albeit over a longer period. *See id.* ¶¶ 2, 4, 17.

Plaintiff's reliance on *Austin v. Univ. of Oregon*, 925 F.3d 1133 (9th Cir. 2019) to support his standing claim is misplaced. Oppo. at 6. Plaintiff cites to *Austin* in his Opposition in support of his argument that "Ninth Circuit precedent confirms that individuals alleging discriminatory exclusion from government contracting processes may assert personal constitutional harms." *Id.* (citing *Austin v. Univ. of Oregon*, 925 F.3d at 1138-39). In *Austin*, the court held that the plaintiffs failed to state a claim for gender discrimination under Title IX. *Id.* The plaintiffs were male students at the University of Oregon. *Id.* at 1135. After a female student accused the plaintiffs of "forcing her to engage in nonconsensual sexual sex," the University "proceeded with a formal disciplinary process" against the plaintiffs and ultimately suspended them. *Id.* at 1135-36. The

25cv1920-LL-MMP

plaintiffs brought suit against the University, alleging that it discriminated against them on the basis of their sex by "disciplin[ing] male students for sexual misconduct but never female students." *Id.* at 1136, 1138. The court held that the plaintiffs failed to adequately state a claim for discrimination. The court explained that "the complaint does not claim that any female University students have been accused of comparable misconduct, and thus fails to allege that similarly situated students—those accused of sexual misconduct—are disciplined unequally." *Id.* at 1138. These facts are not relevant or applicable to the facts in this case which require the Court to determine whether the FAC's claims involve events that implicate only the legal rights and interests of Plaintiff's company or his own personal legal rights and interests.

Additionally, courts in the Ninth Circuit have held that "[i]n general, shareholders lack standing to assert an individual § 1983 claim based on harm to the corporation in which they own shares." *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1057 (9th Cir. 2002); s*ee also Erlich v. Glasner*, 418 F.2d 226, 228 (9th Cir.1969) (holding a shareholder of a corporation could not assert a claim on behalf of their business for injuries to the company). The reasoning of these holdings has also been applied to limited liability companies. *See Elizabeth Retail Props. LLC v. KeyBank Nat. Ass'n*, 83 F.Supp.3d 972, 986 (D. Or. 2015) (recognizing the "shareholder standing rule" has been applied to members of LLCs); *see also Woods View II, LLC v. Kitsap Cnty*, 484 Fed. Appx. 160, 161 (9th Cir. 2012) (finding the sole member of an LLC lacked standing to bring claims against Kitsap County because she was "not injured directly and independently of the limited liability company."); *see also Balboa Cap. Corp. v. Innovix Med. PLLC*, No. 8:19-cv-01145-JLS-DLM, 2020 WL 1969763, at *4 (C.D. Cal. Jan. 20, 2020) (finding third-party plaintiff's allegations that she was personally induced to sign an agreement on behalf of the company she owned insufficient to establish that the harm she suffered was independent of the harm suffered by the company).

In sum, at this procedural posture, Plaintiff fails to successfully meet the threshold for prudential standing because the allegations that form the basis of the operative

Complaint concern harms to his company, Tiger Construction, and not Plaintiff personally. Accordingly, Defendants' Motion to Dismiss is **GRANTED with leave to amend**.[2]

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff lacks prudential standing to bring this action on behalf of Tiger Construction. Defendants' Motion to Dismiss is **GRANTED with leave to amend**. Plaintiff may file an amended complaint to cure the deficiencies in this Order within **twenty-one (21) days**. Additionally, to the extent that an amended complaint is filed, Plaintiff must sufficiently serve process on all Defendants, including any individual-capacity defendants. If Plaintiff fails to file an amended complaint by the deadline set herein, the Court may enter a final order dismissing this case. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  March 18, 2026

Honorable Linda Lopez
United States District Judge

---

[2] To the extent that Plaintiff chooses to bring an amended complaint on behalf of Tiger Construction, Plaintiff is reminded that he cannot represent his company pro se. The Civil Local Rules provide that "[o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney…. All other parties, including corporations, partnerships, and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3."

25cv1920-LL-MMP